UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | [Proposed] Protective Order |
|---|---|
| v. | 16 Cr. 177 (RMB) |
| Jeffrey Casiano, | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/22

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 32.1(b)(2)(B), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 32.1, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Disclosure Material may include material that (1) affects the privacy and confidentiality of individuals and entities; and (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's Eyes Only ("AEO") Material.** Certain discovery materials in this case may raise a significant risk of affecting the privacy, confidentiality, or safety of victims or witnesses. Materials to be produced by the Government and which contain AEO Material may be designated in whole or in part as "Attorney's Eyes Only" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Attorney's Eyes Only." The Government's

designation of material as AEO Material will be controlling absent contrary order of the Court. Any material designated as AEO Material shall also be deemed Disclosure Material.

3. **Confidential Information.** Certain of the Disclosure Material is designated "Confidential Information" pursuant to the Protective Order entered on September 7, 2016. Dkt. 17. Nothing herein shall be deemed to modify the terms of that Protective Order. This Order provides only for additional protections not included in the September 7, 2016 Protective Order.

4. **Facilitation of Discovery.** The entry of this protective order will permit the Government to produce expeditiously the Disclosure Material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

5. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

6. The defense shall receive any AEO Material on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any paralegal or staff employed by defense counsel and attorneys for prospective witnesses.

7. The Government may authorize, in writing, disclosure of AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

8. AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Return or Destruction of Material**

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all AEO Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any Disclosure Material or ESI that belongs to the defendant. Notwithstanding the foregoing, the defense shall not be required to return, destroy, or delete any disclosure material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_____     Date: ___9/1/2022_____
    Lisa Daniels
    Assistant United States Attorney


___/s/_____     Date: _____
Ian Marcus Amelkin, Esq.
Counsel for Jeffrey Casiano


SO ORDERED:
Dated: New York, New York
       September 6, 2022

_Richard M. Berman_

_____
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

4